Filed 2/26/25 P. v. Ross CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE GERALD ROSS,<br><br>    Defendant and Appellant. | B336398<br><br>(Los Angeles County<br>Super. Ct. No. NA006929) |

THE COURT:

George Gerald Ross was convicted of first degree murder and sentenced to 35 years to life in prison. In 2023, he petitioned for resentencing under Penal Code section 1172.6.[1] Appointed counsel examined the record, filed a brief raising no issues, and requested that we review the record independently. (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)

---

[1] Undesignated statutory references are to the Penal Code.

Ross submitted a supplemental brief asserting that his confession to the killing was coerced while he was illegally detained in jail and the enhancements to his sentence are improper. He does not argue that he is eligible for resentencing under section 1172.6. Because Ross presents no issue pertaining to section 1172.6, we dismiss his appeal.

## PROCEDURAL BACKGROUND

In 1992, a jury convicted Ross of first degree murder. It found true that he personally used a firearm and intentionally inflicted great bodily injury and death by shooting the victim from a motor vehicle. (§§ 187, subd. (a), 12022.5, 12022.55.) The trial court sentenced Ross to 25 years to life in prison for the murder, plus 10 years for the enhancements.

This Division affirmed the judgment. (*People v. Ross* (Oct. 13, 1993, B068513 [nonpub. opn.].) The opinion states that Ross confessed to the murder, then asserted self-defense in his trial testimony. It concludes that police did not violate *Miranda v. Arizona* (1966) 384 U.S. 436 to obtain his confession. It addresses Ross's claims that he confessed while illegally confined in jail and was denied a fair hearing on the voluntariness of his confession.

In March 2023, Ross petitioned for resentencing alleging that the information allowed the prosecution to proceed under the felony-murder rule, the natural and probable consequences doctrine, or other imputed malice theory. The district attorney opposed Ross's petition, arguing that the jury was not instructed on felony murder or the natural and probable consequences doctrine, or any other theory of imputed malice. Nor was it instructed on aiding and abetting. Instead, Ross "was prosecuted as the actual perpetrator who acted with actual malice." As a

2

result, he is ineligible for relief as a matter of law. Ross's appointed counsel did not file a reply.

At a hearing on November 6, 2023, the court stated that it reviewed Ross's file and determined that the prosecution was not based on felony murder or natural and probable consequences theories, and the jury was not instructed on them. The verdict reflects that Ross personally used a firearm to commit murder. Without a prima facie showing of eligibility for relief, the court denied the petition. Ross appeals. (§ 1237, subd. (b).)

## DISCUSSION

In 2018, the Legislature limited the scope of the felony-murder rule and abolished natural and probable consequences liability for murder. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) With one narrow exception (see § 189, subd. (f)), murder convictions cannot be premised on imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).)

The Legislature established procedures for vacating the murder convictions of defendants who could no longer be convicted of murder owing to amendments to sections 188 and 189. Upon the filing of a facially sufficient resentencing petition, the court must appoint counsel, if requested. (§ 1172.6, subd. (b)(3); *Lewis, supra*, 11 Cal.5th at p. 970.) It may then rely upon the record of conviction, including appellate opinions, to determine whether a prima facie showing is made that the defendant is entitled to relief. (*Lewis*, at pp. 970–972.) We

3

review de novo the trial court's determination. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 337.)

Ross's appointed counsel found no arguable issues below or on appeal. Ross filed his own brief. "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo, supra,* 14 Cal.5th at p. 232.) We evaluate the arguments presented and issue a written opinion. (*Ibid.*)[2]

Ross does not challenge the trial court's determination that his conviction is not based on felony murder or the natural and probable consequences doctrine: The jury was not instructed on these theories. Instead, it expressly found that Ross's personal use of a firearm resulted in the victim's death.

Ross challenges the use of his confession at trial, an issue this court addressed in 1993. This is not an appropriate venue for submitting new evidence of an alleged police conspiracy. We lack jurisdiction to consider Ross's challenge to firearm and motor vehicle sentence enhancements, which are wholly unrelated to his petition and are made for the first time 32 years after judgment. (*People v. Moore* (2021) 68 Cal.App.5th 856, 865–866.) A resentencing petition is not an opportunity to raise errors made at trial or challenge the original conviction, other than on the grounds allowed by section 1172.6. (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122–1123.)

---

[2] Ross is not entitled to review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442, or *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]. (*Delgadillo, supra,* 14 Cal.5th at p. 227 [courts "have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6"].)

When the record of conviction refutes the petition, no prima facie showing can be made.  (*Lewis, supra*, 11 Cal.5th at p. 971.) The record shows that Ross committed the murder, with express findings that he *personally* used a firearm to kill the victim.  This was actual malice, not imputed malice.  Accordingly, Ross is ineligible for relief under section 1172.6.  Because his brief raises no issue pertaining to section 1172.6, the appropriate disposition is dismissal of the appeal.  (*People v. Hernandez, supra,* 103 Cal.App.5th at p. 1124.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

LUI, P. J.          CHAVEZ, J.          RICHARDSON, J.